**United States District Court**
**Southern District of Texas – Houston Division**
**Bob Casey United States Courthouse**

Raymond Johnson,
Plaintiff/Petitioner,

v.

LAKEVIEW LOAN SERVICING, LLC;
BLACK, MANN & GRAHAM, L.L.P.;
BOTTS TITLE COMPANY;
CALVIN C. MANN, JR., Trustee;
SUBSTITUTE TRUSTEE(S);
COLORADO COUNTY SHERIFF;
COLORADO COUNTY SHERIFF'S OFFICE;
COLORADO COUNTY CLERK;
CONSTABLE(S);
COUNTY OFFICIALS;
UNKNOWN STATE ACTORS;
and ALL PERSONS ACTING IN CONCERT,

Defendants.

Civil Action No. _____

United States Courts
Southern District of Texas
F I L E D

APR 2 3 2026

Nathan Ochsner, Clerk of Court

## VERIFIED COMPLAINT

## JURY TRIAL DEMANDED

### FOR VIOLATIONS OF CIVIL RIGHTS
### UNDER 42 U.S.C. §§ 1983, 1985, 1986
### WITH TRO, PRELIMINARY INJUNCTION, RULE 60(b)(4) VOID JUDGMENT
### RELIEF, QUIET TITLE, AND DAMAGES

## I. JURISDICTION AND VENUE

This action arises under:

- 42 U.S.C. § 1983
- 42 U.S.C. § 1985
- 42 U.S.C. § 1986
- 28 U.S.C. § 1331
- 28 U.S.C. § 1343

- 28 U.S.C. § 2201
- 28 U.S.C. § 2202
- Fed. R. Civ. P. 60(b)(4)

Venue is proper because the property and violations occurred in Texas concerning:

**1027 FM 155**
**Weimar, Texas 78962**

## II. PLAINTIFF

### Raymond Johnson

Petitioner is addressing his right to address his aggrievances according to the 1st Amendment of the United States Constitution. Petitioner is the lawful homeowner, borrower, and grantee of the subject property. The Warranty Deed with Vendor's Lien dated May 7, 2021 confirms Plaintiff/Petitioner Raymond Johnson and Sheila Johnson as grantees and lawful purchasers of the property .

Loan records confirm:

- Loan Number: 7000451507
- Loan Amount: $261,250.00
- Servicer: Lakeview Loan Servicing, LLC
- First Payment Date: July 1, 2021

Plaintiff also completed the demographic information addendum and federally required mortgage disclosures, confirming lawful borrower status .

## III. DEFENDANTS AND SPECIFIC WRONGFUL ACTS

### Defendant 1: Lakeview Loan Servicing, LLC

### Fraudulent Actions: see Mortgage docs6

- Claimed servicing and foreclosure authority without proving lawful standing
- Relied on defective assignments and improper chain of title
- Used deceptive mortgage servicing practices
- Used "Document Correction Agreement" authority to alter rights after closing without lawful notice
- Proceeded with foreclosure despite due process objections. *See Mortgage Docs 6 Exhibit A*

### Constitutional Violations:

- Due Process Violation
- Fraud Upon the Court
- Wrongful Taking of Property
- Denial of Equal Protection

## Defendant 2: Black, Mann & Graham, L.L.P.

### Fraudulent Actions:

- Prepared and enforced foreclosure-related legal instruments
- Facilitated substitute trustee actions
- Advanced foreclosure despite standing defects
- Participated in deceptive foreclosure filings *See Mortgage Doc 11(4) Exhibit B*

### Constitutional Violations:

- Conspiracy under Color of Law
- Fraud Upon the Court
- Denial of Due Process

## Defendant 3: Botts Title Company

### Fraudulent Actions:

- Closed and processed the mortgage transaction
- Facilitated title transfer while relying on defective lender authority
- Failed to protect Plaintiff from title defects and improper lien enforcement *See Exhibit C Mortgage Doc 11(4)*

### Constitutional Violations:

- Participation in fraudulent property deprivation
- Facilitating unlawful clouding of title

## Defendant 4: Calvin C. Mann, Jr., Trustee

### Fraudulent Actions:

- Accepted trustee authority tied to disputed enforcement rights
- Allowed substitute trustee and foreclosure activity without lawful proof *See Exhibit D Mortgage Docs 6*

### Constitutional Violations:

- Fraudulent trustee enforcement

- Deprivation of property without due process

## Defendant 5: Colorado County Sheriff

### Fraudulent Actions:

- Enforced eviction threats
- Participated in writ of possession execution
- Assisted transfer of possession without constitutional review *See Exhibit E*

### Constitutional Violations:

- Unlawful Seizure (Fourth Amendment)
- Deprivation of Property (Fifth Amendment)
- Denial of Due Process (Fourteenth Amendment)

## Defendant 6: Colorado County Sheriff's Office

### Fraudulent Actions:

- Enforced void foreclosure orders
- Assisted unlawful dispossession
- Threatened removal without valid judicial protections

### Constitutional Violations:

- Monell Liability
- Official Policy Causing Constitutional Violations

## Defendant 7: Colorado County Clerk

### Fraudulent Actions:

- Recorded defective foreclosure filings
- Processed title-related filings facilitating wrongful foreclosure
- Allowed fraudulent clouding of title *See Exhibit F*

### Constitutional Violations:

- Participation in deprivation of property rights

## Defendant 8: Constables / Substitute Trustees / County Officials

### Fraudulent Actions:

- Assisted eviction and title transfer
- Enforced unlawful foreclosure proceedings
- Ignored due process objections

**Constitutional Violations:**

- State-assisted property deprivation
- Denial of Equal Protection

# IV. DISCRIMINATION AND DENIAL OF EQUAL PROTECTION

Plaintiff alleges discriminatory treatment and unequal enforcement of the law.

Defendants were given procedural advantages while Plaintiff's objections, evidence, constitutional defenses, and due process rights were ignored.

Plaintiff was denied equal access to judicial protections afforded to institutional lenders and foreclosure actors.

This constitutes violation of the Equal Protection Clause of the Fourteenth Amendment.

# V. DENIAL OF DUE PROCESS

Plaintiff was deprived of:

- notice reasonably calculated to inform him
- meaningful opportunity to be heard
- lawful proof of standing
- impartial judicial review
- constitutional protections before deprivation of real property

This violates:

## Mullane v. Central Hanover Bank

339 U.S. 306 (1950)

## Fuentes v. Shevin

407 U.S. 67 (1972)

## Peralta v. Heights Medical Center

485 U.S. 80 (1988)

## VI. CAUSES OF ACTION

**COUNT I**
**42 U.S.C. § 1983 – Due Process Violation**

Defendants deprived Plaintiff of real property without constitutional due process.

## COUNT II

## 42 U.S.C. § 1983 – Unlawful Taking

Defendants caused unconstitutional taking of vested property rights.

**COUNT III**
**42 U.S.C. § 1983 – Unlawful Seizure**

Wrongful foreclosure and sheriff enforcement constituted unlawful seizure.

**COUNT IV**
**Fraud Upon the Court**

Defendants knowingly relied on false documents, defective assignments, and fraudulent standing claims.

## COUNT V
## Rule 60(b)(4) – Void Judgment

Any foreclosure judgment entered without jurisdiction, lawful standing, or due process is VOID.

**Supporting Authority:**

**United Student Aid Funds v. Espinosa**
559 U.S. 260 (2010)

**Kalb v. Feuerstein**
308 U.S. 433 (1940)

## COUNT VI
## Monell Liability

Government actors participated through official custom and policy.

**Supporting Authority:**

Monell v. Department of Social Services
436 U.S. 658 (1978)

## COUNT VII
## Conspiracy – 42 U.S.C. § 1985

Defendants jointly acted to deprive Plaintiff of constitutional rights.

## VII. EMERGENCY TRO REQUEST

Plaintiff seeks immediate relief stopping:

- foreclosure sale *void abnitio*
- sheriff sale
- eviction
- writ of possession
- title transfer
- dispossession
- enforcement of void judgments

Irreparable harm is immediate.

## VIII. PRAYER FOR RELIEF

Plaintiff requests: $100,000.00 per defendant per violation, and **FREE** and clear title to the subject property. At all times relevant the Petitioner has given the Defendants a way for relief to be granted with proper judgement or an out-of-court settlement.

1. Declaratory Judgment
2. TRO
3. Preliminary and Permanent Injunction
4. Quiet Title Relief
5. Vacatur of Void Orders
6. Restoration of Possession
7. Compensatory Damages
8. Punitive Damages
9. Attorney Fees under 42 U.S.C. § 1988
10. All further equitable relief

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Verified Second Amended Complaint was served upon all Defendants by certified U.S. Mail and/or authorized process server on this _23_ day of _April_____, 2026.

**Lakeview Loan Servicing, LLC**
4425 Ponce De Leon Blvd., MS5-251
Coral Gables, Florida 33146
Julio Aldecocea

**Black, Mann & Graham, L.L.P.**
2905 Corporate Circle
Flower Mound, Texas 75028
Calvin C. Mann, Jr.
Personal and Official Capacity

**Botts Title Company**
346 N. Jefferson
La Grange, Texas 78945
President, Val Walters
Officially and Professionally,

**Colorado County Sheriff's Office**
2215 Walnut Street
Columbus, Texas 78934
Justin Lindemann, in his personal and
Official capacity

**Colorado County Clerk**
318 Spring Street, Room 104
Columbus, Texas 78934
Kimberly Menke, in her personal and
Official capacity

**Black, Mann & Graham, L.L.P.**
2905 Corporate Circle
Flower Mound, Texas 75028
c/o Calvin C. Mann, Jr., Trustee,
in his personal and Official capacity

**Substitute Trustee(s), Constables, and Additional State Actors**

To be supplemented through discovery                Respectfully submitted,

**Raymond Johnson All rights explicitly reserved**
Plaintiff, Petitioner
**1027 FM 155**
**Weimar, Texas 78962**

## AFFIDAVIT OF THE FACTS

State of Texas
                    ) : ss
County Colorado

## NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL
## NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT

**"In deed, no more than (affidavit) is necessary to make the prima facie case."** United States v. Kis, 658 F.2nd, and 526 (7th Cir, 1981) Cert Denied, 50 U.SLW. 2169; U.S.L.W. March 22, 1982.

Affiant being of sound mind and over the age of twenty-one being first duly sworn under the penalty or perjury. Certify on unlimited commercial liability that, the contents are of affiant's own firsthand knowledge. Affiant does solemnly swear, depose say and declare; that affiant has personal knowledge and belief of the facts stated herein. That affiant is competent to state the matter set forth herein; that affiant has personal knowledge and belief of the facts stated herein; and all facts stated herein are true, correct, and complete, nor misleading, the truth, the whole truth, and nothing but the truth.

1) Affiant states that Affiant all statements, exhibit, law, and facts are true and correct.
2) Affiant

### An Affidavit unrebutted stands as Truth.

Affidavit uncontested unrebutted unanswered *[United States v. Kis, 658 F.2d 526, 536 (7th Cir. 1981); Cert. Denied, 50 U.S. L. W. 2169; S. Ct. March 22, 1982]*"Allegations in affidavit in support of motion must be considered as true in absence of counter-affidavit." *[Group v Finletter, 108 F. Supp. 327 Federal case of Group v Finletter, 108 F. Supp. 327]*"Indeed, no more than affidavits is necessary to make the prima facie case." *[United States v. Kis, 658 F.2d 526, 536 (7th Cir. 1981); Cert. Denied, 50 U.SL. W. 2169; S. Ct. March 22, 1982]*AFFIDAVIT. A written or printed declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before an officer having authority to administer such oath. *Cox v. Stern, 170 Ill. 442, 48 N.E. 906, 62 Am.St.Rep.*

385; *Hays v. Loomis, 84 Ill.* 18. A statement or declaration reduced to writing, and sworn to or affirmed before some officer who has authority to administer an oath or affirmation. *Shelton v. Berry, 19 Tex. 154, 70 Am.Dec. 326, and In re Breidt, 84 N.J.Eq. 222, 94 A. 214, 216.affidavit uncontested unrebutted unanswered - [United States v. Kis, 658 F.2d 526, 536 (7th Cir. 1981); Cert. Denied, 50 U.S. L. W. 2169; S.Ct. March 22, 1982 1982]* "Indeed, no more than affidavits is necessary to make the prima facie case." *[United States v. Kis, 658 F.2d 526, 536 (7th Cir. 1981); Cert. Denied, 50 U.S. L. W. 2169; S. Ct. March 22, 1982]* affidavit uncontested unrebutted unanswered *Morris v National Cash Register, 44 S.W. 2d 433 Morris v National Cash Register, 44 S.W. 2d 433,* clearly states at point #4 that "uncontested allegations in affidavit must be accepted as true." affidavit uncontested unrebutted unanswered *Morris vs. NCR, 44 SW2d 433 Morris v National Cash Register, 44 SW2d 433:* "An Affidavit if not contested in a timely manner is considered undisputed facts as a matter of law." Non-Rebutted Affidavits are "Prima Facie Evidence in the Case,-- *"United States vs. Kis, 658 F.2d, 526, 536-337 (7th Cir. 1981);*"Indeed, no more than (Affidavits) is necessary to make the Prima Facie Case." - Cert Denied, *50 U.S. L.W. 2169; S.Ct. March 22, 1982."*Uncontested Affidavit taken as true in support of Summary Judgment." -- *Seitzer v. Seitzer, 80 Cal. Rptr. 688"*Uncontested Affidavit taken as true in Opposition of Summary Judgment." – *Melorich Builders The SUPERIOR COURT v. of San Bernardino County (Serbia) 207 Cal.Rptr. 47 (Cal.App.4 Dist. 1984)* "Silence can only be equated with fraud where there is a legal or moral duty to speak, or where an inquiry left unanswered would be intentionally misleading. . . We cannot condone this shocking behavior... This sort of deception will not be tolerated and if this is routine it should be corrected immediately." -- *U.S. v. Tweel, 550 F.2d 297, 299. See also U.S. v. Prudden, 424 F.2d 1021, 1032; Carmine v. Bowen, 64 A. 932.*

**WHEREFORE UPON** Affiant was not served the summons by anyone and the Affidavit can't be rebutted. Giving Affiant the right to oppose actions in the court.

_Raymond Johnson A.R._.Autograph

### ACKNOWLEDGEMENT

State of Texas )
) Scilicet
County Colorado )

## JURAT

SUBSCRIBED TO AND SWORN before me this 22 day of April A.D. _____2026. A Notary,
That Raymond Johnson_____, personally appeared and known to me to be
The named subscribed to the within instrument and acknowledge to be the same.

Gloria Avalos_____Seal;

GLORIA AVALOS
My Notary ID # 132304433
Expires January 8, 2028

Notary Public in and for said State My commission expires; 01-08-2028